DA 08-0059

IN THE SUPREME COURT OF THE STATE OF MONTANA

2008 MT 456N

MITCH TUTTLE,

      Plaintiff and Appellant,

   v.

DEPARTMENT OF JUSTICE OF THE STATE OF
MONTANA, MONTANA HIGHWAY PATROL,

      Defendant and Appellee.

APPEAL FROM:    District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. CDV 2006-800
Honorable Thomas C. Honzel, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

         Peter Michael Meloy, Meloy Law Firm, Helena, Montana

      For Appellee:

         Thomas G. Bowe, Agency Legal Services Bureau, Helena, Montana

              Submitted on Briefs:  October 29, 2008

                      Decided:  December 31, 2008

Filed:

                    _____
                              Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Pursuant to Section 1, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. Its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 This is the second appeal before us concerning the Montana Highway Patrol's (MHP) dismissal of Mitch Tuttle. The Department of Justice's (DOJ or Department) MHP hired Tuttle as an officer in April 1986. He was suspended in January 2006 for alleged misconduct. Following an administrative hearing, Tuttle was discharged in May 2006. He sought judicial review of his termination and the First Judicial District Court affirmed the DOJ's hearing officer's ruling. Tuttle appealed to this Court (*Tuttle I*).

¶3 While *Tuttle I* was pending, Tuttle filed a wrongful discharge action (*Tuttle II*) under the Wrongful Discharge from Employment Act (WDEA or the Act), §§ 39-2-901 through -915, MCA. He claimed that he was discharged without good cause and in violation of DOJ's written personnel policy. Tuttle also asserted DOJ wrongfully refused to pay him for the vacation time he had accrued during his employment.

¶4 As *Tuttle II* was proceeding in District Court between November 2006 and August 2007, we issued our Opinion in *Tuttle I*. In *Tuttle v. Department of Justice of State,* 2007 MT 203, 338 Mont. 437, 167 P.3d 864, we affirmed the District Court's ruling that, in turn, affirmed MHP's decision to terminate Tuttle. Subsequent to and based upon our decision in *Tuttle I*, DOJ filed a motion for summary judgment in the present case,

offering numerous arguments supporting a summary ruling in its favor, including the statutory application of Title 44, MCA, the exemption provision in Title 39, MCA, and the doctrine of claim preclusion. The District Court granted DOJ's motion, ruling that Title 44, MCA, provided Tuttle with a remedy for contesting his discharge, and therefore the WDEA did not apply. The court also determined that DOJ was statutorily authorized to withhold compensation for vacation leave time. The court did not address DOJ's claim preclusion argument. Tuttle appeals.

¶5 The dispositive issue on appeal is whether the District Court erred in granting DOJ's motion for summary judgment.

¶6 Tuttle argues on appeal that Title 44, MCA, does not provide a remedy for a discharged officer; rather, he maintains, Title 44, MCA, allows a disciplined officer to contest *pre-termination* disciplinary actions. He also argues that should Title 44, MCA, provide post-termination remedies for discharged officers, such remedies are limited to disputes involving "good cause" claims and *not* claims based on MHP's failure to follow its own written personnel policy. Therefore, Tuttle maintains that his wrongful discharge claim is not subject to Title 44, MCA, or to the exemption provision of the WDEA relied upon by the District Court and DOJ. Lastly, Tuttle invites us to apply California caselaw holding that vacation pay is a form of accrued wages to which he is entitled.

¶7 DOJ argues that summary judgment was appropriate because Tuttle failed to show that any genuine issues of material fact existed, or that DOJ was not entitled to judgment as a matter of law. It maintains that § 39-2-912, MCA, of the WDEA specifically exempts Tuttle's claim from being brought under the Act. Additionally, DOJ asserts that

3

§ 2-18-617(2)(a)(i), MCA, authorizes its denial of Tuttle's demand for vacation pay in that it provides, in relevant part that "[a]n employee who terminates employment for a reason not reflecting discredit on the employee . . . is entitled upon the date of termination to . . . cash compensation for unused vacation leave." The Department contends that the circumstances under which Tuttle was discharged, as noted in *Tuttle I*, illustrate that Tuttle's termination "reflect[s] discredit on him."

¶8 Lastly, DOJ proffers that the doctrine of claim preclusion bars Tuttle's claim for wrongful discharge from employment because he has already litigated his discharge and this Court has affirmed it. As such, while not relied upon or discussed by the District Court, claim preclusion supports the District Court's granting of DOJ's motion for summary judgment. Claim preclusion applies when the following criteria are met: (1) the parties or their privies are the same; (2) the subject matter of the action is the same; (3) the issues related to the subject matter are the same; and (4) the capacities of the person are the same in reference to the subject matter and issues between them. *Baltrusch v. Baltrusch*, 2006 MT 51, ¶ 16, 331 Mont. 281, ¶ 16, 130 P.3d 1267, ¶ 16.

¶9 We review the appeal of a district court's ruling on summary judgment de novo applying the same criteria of M. R. Civ. P. 56 as the district court. *Lohmeier v. State, Dept. of Natural Resources*, 2008 MT 307, ¶ 12, 346 Mont. 23, ¶ 12, 192 P.3d 1137, ¶ 12. Furthermore, we will affirm a district court's decision if it reaches the right result even if for the wrong reason. *Good Schools Missoula v. Pub. School Dist.*, 2008 MT 231, ¶ 24, 344 Mont. 374, ¶ 24, 188 P.3d 1013, ¶ 24.

4

¶10    It is appropriate to decide this case pursuant to Section 1, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. There is no dispute that Tuttle previously litigated his discharge claim in accordance with relevant statutes and procedures. The District Court affirmed the administrative ruling and we affirmed the previous District Court ruling. *See Tuttle I*. Moreover, all required factors for claim preclusion have been satisfied. Therefore, while the District Court did not rely on claim preclusion, the District Court's judgment was nonetheless correct under that doctrine. This being so, we affirm the judgment of the District Court.

/S/ PATRICIA COTTER

We concur:

/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART
/S/ JOHN WARNER
/S/ BRIAN MORRIS